**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 10-23556-CIV-COOKE/BANDSTRA**

EDISON RIVERA,

*Plaintiff,*

v.

KATHERINE PATTERSON, et al.,

*Defendant.*
_______________________________________/

**ORDER SETTING CIVIL JURY TRIAL DATE AND PRETRIAL DEADLINES**

Pursuant to Local Rule 16.1, and the Court having considered the parties' Rule 16.1 Scheduling Report, it is hereby

ORDERED as follows:

1. **Trial Date and Calendar Call**. This case is set for trial on the Court's two-week trial period commencing **February 13, 2012, at 9:30 a.m.**, before the undersigned United States District Judge at the Federal Courthouse, Courtroom 11-2, 400 North Miami Avenue, Miami, Florida. Calendar Call shall be held on Wednesday, **February 8, 2012, at 3:00 p.m.**, at the same location. The case shall be assigned to the standard case management track.

2. **Pretrial Conference**. No Pretrial Conference shall be held in this action, unless the Court determines that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

3. **Pretrial Deadlines**. The pretrial deadlines are as follows:

[April 29, 2011] Joinder of parties and amendment of pleadings.

[July 12, 2011] Parties shall furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify unless good cause is shown and there is no prejudice to opposing party. The parties are under a continuing obligation to supplement discovery responses within ten (10) days of receipt or other notice of new or revised information.

[September 1, 2011] All fact discovery must be completed.

[July 01, 2011] Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Plaintiff shall make its experts available for deposition by Defendant.

[September 30, 2011] All dispositive *and* other pretrial motions not explicitly excluded by S.D. Fla. L.R. 7.1.A.1 and accompanying memoranda of law, must be filed, as well as any motions to exclude or limit proposed expert testimony.

[August 1, 2011] Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Defendant shall make its experts available for deposition by Plaintiff.

[October 31, 2011] All expert discovery must be completed.

[November 15, 2011] Mediation must be completed. The Court has issued concurrently herewith a separate Order of Referral.

[January 17, 2012] (a) A Joint Pretrial Stipulation must be filed. The stipulation shall conform to Local Rule 16.1.E and include a joint, neutral summary of the claims and defenses in the case, not to exceed one short paragraph per litigant claim, to be read as an introduction for voir dire examination. The Court will not accept unilateral pretrial stipulations, and will strike sua sponte any such submissions. Should any of the parties fail to cooperate in the preparation of the joint pretrial stipulation, all other parties shall file a certification with the Court stating the circumstances. Upon receipt of such certification, the Court shall issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective

attorneys) have failed to comply with the Court's order. A copy of the joint pretrial stipulation shall be delivered to chambers in Corel WordPerfect format at the time of filing via computer disk, or emailed to: Cooke@flsd.uscourts.gov); and

(b) A Joint Summary of the Parties' Motion(s) *in Limine* must be filed. The joint summary shall contain a cover page providing the style of the case and an index of the motion(s) *in limine*. For each evidentiary issue, the joint summary must include: a one page argument identifying the evidence sought to be excluded or included at trial and citing legal authority supporting exclusion or inclusion; and a one page response to the argument citing legal authority in support of admission or exclusion of the disputed evidence. The parties shall work together to prepare the joint summary, and are encouraged to resolve evidentiary issues through stipulation. Motions *in limine* will not be accepted in any other form.

[January 20, 2012] (a) Final proposed jury instructions and verdict form must filed.[1] The parties shall submit a SINGLE, JOINT set of proposed jury instructions and verdict form, though the parties need not agree on the proposed language of each or any instruction or question on the verdict form. Where the parties do agree on a proposed instruction or question, that instruction or question shall be set forth in Times New Roman 14 point typeface. Instructions and questions proposed only by the plaintiff(s) to which the defendant(s) object shall be italicized. Instructions and questions proposed only the defendant(s) to which the plaintiff(s) object shall be bold-faced. Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority. Each disputed jury instruction shall also state the basis for the objection(s) at the bottom of the sheet, before the citations of authority. In preparing their requested jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein. A copy of the proposed jury instructions and verdict form shall be delivered to chambers in Corel WordPerfect format at the time of filing via computer disk, or emailed to: Cooke@flsd.uscourts.gov);

---

[1] If this action is to be set for a bench trial the Parties are directed to submit proposed findings of fact and conclusions of law in lieu of proposed jury instructions.

(b) A trial witness list indicating each witness who will testify at trial, a one sentence synopsis of the testimony, and in consultation with opposing counsel, indicate the amount of time needed for direct and cross examination;

(c) a list of witnesses with some identifying information (address or place of employment) to provide to jury; and

(d) Proposed Voir Dire questions specific to the case (general voir dire questions should not be included).

4. **Trial Instructions**. All exhibits must be pre-marked. The Plaintiff's exhibits shall be marked numerically preceded by the letter "P." Defendant's exhibits shall be marked numerically preceded by the letter "D." For example, Plaintiff's exhibit shall be marked P-1, P-2, P-3 etc. Likewise, Defendant's exhibit shall be marked D-1, D-2, D-3 etc. A typewritten exhibit list setting forth the number and letter, and description of each exhibit must be submitted at the time of trial. The parties shall submit said exhibit list on Form AO 187, which is available from the Clerk's office.

5. **Motion for Continuance**. A Motion for Continuance shall not stay the requirement for the filing of a Pretrial Stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least fourteen (14) days prior to the date on which the trial calendar is scheduled to commence. A continuance of the trial date will be granted only on a showing of compelling circumstances.

6. **Referral to Magistrate**. The above-styled action is referred to the Honorable Ted E. Bandstra, United States Magistrate Judge for the Southern District of Florida, for appropriate resolution of all non-dispositive pretrial matters, in accordance with 28 U.S.C. §§ 636(b)(1)(A) and (B). Motions in Limine and any motion affecting deadlines set by the Court's Scheduling Order are excluded from this referral, unless specifically referred by separate order. It shall be the responsibility

of the respective parties in this case to note on all materials necessary to the resolution of the referred matters the name of Magistrate Judge Bandstra on the case number caption (i.e., Case No. 99-1234-CIV-COOKE/BANDSTRA) and that courtesy copies of such materials shall be directed to his Chambers.

7. **Non-Compliance**. Non-compliance with any provision of this Order may subject the offending party to sanctions, including denial of the motion, dismissal of claims or striking of defenses. It is the duty of all counsel to enforce the timetable set forth herein in order to insure an expeditious resolution of this cause.

8. **Settlement**. If this case is settled, counsel are directed to inform the Court promptly by calling Chambers and submitting an appropriate order for dismissal within ten (10) days of notification of settlement to the Court, pursuant to Fed. R. Civ. P. 41(a)(1). The case will remain on the trial calendar until an order dismissing the action is entered by the Court.

**DONE AND ORDERED** in Miami, Florida, this 14th day of March 2011.

Marcia G. Cooke

MARCIA G. COOKE
United States District Judge

cc: The Honorable Ted E. Bandstra
All counsel of record

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 10-23556-CIV-COOKE/BANDSTRA**

EDISON RIVERA,

*Plaintiff,*

v.

KATHERINE PATTERSON, et al.,

*Defendant.*
___________________________________/

**ORDER OF REFERRAL TO MEDIATION**

Trial having been set in this matter for the two week period commencing February 13, 2012, pursuant to Federal Rule of Civil Procedure 16 and Southern District Local Rule 16.2, it is hereby

ORDERED AND ADJUDGED as follows:

l. All parties are required to participate in mediation. The mediation shall be completed no later than November 15, 2011.

2. Plaintiff's counsel, or another attorney agree upon by all counsel of record and any unrepresented parties, shall be responsible for scheduling the mediation conference. The parties are encouraged to avail themselves of the services of any mediator on the List of Certified mediators, maintained in the office of the clerk of this Court, but may select any other mediator. The parties shall agree upon a mediator within fifteen (15) days from the date hereof, notify the Court of such and attach to the notice a proposed order scheduling mediation. Additionally, this proposed order should be e-mailed to cooke@flsd.uscourts.gov. If there is no agreement, Plaintiff's counsel shall promptly notify the Clerk in writing and the Clerk shall designate a mediator from the List of Certified Mediators, which designation shall be made on a blind rotation basis.

3. A place, date and time for mediation convenient to the mediator, counsel of record, and unrepresented parties shall be established. The Plaintiff's attorney shall complete the form order attached and submit it to the Court.

4. The appearance of counsel and each party or representatives of each party with full authority to enter into a full and complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits or the most recent demand, whichever is lower, shall attend.

5. All discussions, representations, and statements made at the mediation conference shall be confidential and privileged.

6. At least ten (10) days prior to the mediation date, all parties shall present to the mediator a brief written summary of the case identifying issues to be resolved. copies of these summaries shall be served on all other parties.

7. The Court may impose sanctions against parties and/or counsel who do not comply with the attendance or settlement authority requirements herein or who otherwise violate the terms of this Order. The mediator shall report non-attendance and may recommend imposition of sanctions by the Court for non-attendance.

8. The mediator shall be compensated in accordance with the standing order of the Court entered pursuant to Rule 16.2.B.6, or on such basis as may be agreed to in writing by the parties and the mediator selected by the parties. The cost of mediation shall be shared equally by the parties unless otherwise ordered by the Court.

9. If a full or partial settlement is reached in this case, counsel shall promptly notify the Court of the settlement in accordance with Local Rule 16.2.F, by the filing of a notice of settlement signed by counsel of record within ten (10) days of the mediation conference. Thereafter the parties shall forthwith submit an appropriate pleading concluding the case.

10. Within five (5) days following the mediation conference, the mediator shall file a Mediation Report indicating whether all required parties were present. The report shall also indicate whether the case settlement (in full or in part), was continued with the consent of the parties, or whether the mediator declared an impasse.

11. If mediation is not conducted, sanctions may be imposed.

DONE AND ORDERED in Chambers, Miami, Florida, this 14th day of March 2011.

Marcia G. Cooke
MARCIA G. COOKE
United States District Judge

Copies furnished to:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23556-CIV-COOKE/BANDSTRA

EDISON RIVERA,

*Plaintiff,*

v.

KATHERINE PATTERSON, et al.,

*Defendant.*
_________________________________/

**ORDER SCHEDULING MEDIATION**

The mediation conference in this matter shall be held with ________________ on ________________, 20__, at _______ .m. at ___________________________________ ________________________________, Florida.

ENTERED this ___ day of _______________, 20__.

_______________________________
Honorable Marcia G. Cooke
UNITED STATES DISTRICT JUDGE

Copies furnished to: