## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 10-23556-Civ-COOKE/TURNOFF

EDISON RIVERA,

      Plaintiff

vs.

KATHERINE PATTERSON, Field Office Director,
USCIS, Miami, *et al*.,

      Defendants.

_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before me on the Defendants' Motion for Summary Judgment. (ECF No. 22). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided, the Defendants' Motion is granted.

### I. BACKGROUND

Plaintiff Edison Rivera brings this action seeking judicial review of the Board of Immigration Appeals' ("BIA") decision affirming the United States Citizenship and Immigration Service's ("USCIS")[1] denial of an I-130 Petition for Alien Relative ("I-130 petition") filed on Plaintiff's behalf.[2] Plaintiff alleges that the agency's action, findings, and conclusions were arbitrary, capricious, an abuse of discretion, or otherwise unlawful. Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A). Plaintiff also seeks mandamus relief pursuant to the Mandamus Act, 28 U.S.C. § 1361. In specific, Plaintiff

---

[1] As of March 1, 2003, Congress transferred most of the functions of the former Immigration and Naturalization Service to the Department of Homeland Security. *See* 6 U.S.C. §557. The USCIS is a component of the Department of Homeland Security.

[2] A district court has jurisdiction to review the denial of an I-130 Petition application. *See Rodriguez v. U.S. Dep't of Homeland Sec.*, 562 F.3d 1137, 1144-45 (11th Cir. 2009); *Ruiz v. Mukasey*, 552 F.3d 269, 275-76 (2d Cir. 2009); *Ayanbadejo v. Chertoff*, 517 F.3d 273, 278 (5th Cir. 2008).

argues that the USCIS's denial of Erycka Rivera's I-130 petition was not based on substantial and probative evidence, and was arbitrary and capricious.

The parties agree on the material facts leading up to the USCIS's denial of the I-130 petition at issue in this case.[3]  Plaintiff is a native and citizen of Colombia, who entered the United States as a non-immigrant visitor for pleasure on June 25, 1991, and remained in this country.  On July 10, 1998, Plaintiff married Gesselle Giraldo, a U.S. citizen.  On July 15, 1998, Giraldo filed an I-130 petition on Plaintiff's behalf, as the spouse of a U.S. citizen.  *See* 8 U.S.C. § 1154; 8 C.F.R. § 204.1(a)(1).  In support of their marriage, Giraldo and Plaintiff submitted photographs, one joint 1998 tax return, joint bank statements, Plaintiff's tax returns for 1995, 1996, and 1997, joint credit cards, and automotive insurance records.  On November 22, 1999, Giraldo and Plaintiff appeared for an interview before the Immigration and Naturalization Service ("INS") on the I-130 petition.

On November 22, 1999, the INS issued to Giraldo a Notice of Intent to Deny ("NOID"), alleging marriage fraud because of discrepancies between their respective testimonies.  In the NOID, the agency pointed to discrepancies regarding several issues, including:  (i) whether Giraldo's daughter was present at their first date; (ii) whether Giraldo was living alone or with her brother when she and Plaintiff moved in together; (iii) what items Giraldo moved into the residence; including, whether Giraldo moved the baby's crib into the residence or whether Plaintiff purchased a new crib as a gift for Giraldo; (iv) the timing of the marriage proposal; (v) the timing of the couple's departure to their wedding; (vi) the person who cared for Giraldo's daughter; and (vii) Plaintiff's normal, routine work schedule.  In the

---

[3] The facts set forth in Defendant's Statement of Material Facts are deemed admitted to the extent that they are supported by evidence in the record, and are not specifically disputed in Plaintiff's opposing statement of facts.  S.D. Fla. L.R. 7.5(D); *see also Gossard v. JP Morgan Chase & Co.,* 612 F. Supp. 2d 1242, 1245-1246 (S.D. Fla. 2009).

NOID, the agency asked Giraldo to respond with explanations and evidence. Neither Giraldo nor Plaintiff responded to the NOID. Rivera contends that they did not receive the notice. On June 26, 2000, the INS denied the I-130 petition, finding marriage fraud. Neither Giraldo nor Plaintiff filed an appeal. On June 1, 2000, Giraldo and Plaintiff divorced.

On August 3, 2000, Plaintiff married Erycka Rivera, a U.S. citizen. On April 11, 2001, Erycka Rivera filed an I-130 petition on Plaintiff's behalf, as the spouse of a U.S. citizen. On August 4, 2003, the USCIS issued a NOID to Erycka Rivera informing her that Plaintiff had previously sought to obtain an immigration benefit based on a fraudulent marriage and asking that she provide additional documentation to explain why the petition should not be denied on this ground. Neither Erycka nor Plaintiff responded to the NOID. Plaintiff contends they did not receive the notice. On January 21, 2004, the USCIS denied the I-130 petition, citing prior marriage fraud under 8 U.S.C. § 1154(c).

On September 31, 2007, Erycka Rivera filed a new I-130 petition on Plaintiff's behalf. On March 7, 2008, Plaintiff and Erycka Rivera appeared for an interview before the USCIS, in connection with the new application. On November 18, 2009, the USCIS issued a NOID to Erycka Rivera, citing prior marriage fraud under 8 U.S.C. § 1154(c). On December 17, 2009, Plaintiff and Erycka Rivera responded to the NOID, and provided an affidavit seeking to explain the discrepancies between Plaintiff's and Giraldo's testimonies in 1999. On January 8, 2010, the USCIS denied Erycka Rivera's second I-130 petition on Plaintiff's behalf. On February 10, 2010, Plaintiff filed an appeal to the BIA. On September 3, 2010, the BIA affirmed the USCIS's denial of the petition and adopted the rationale set forth in the USCIS's decision. Plaintiff subsequently filed the present lawsuit seeking judicial review of the agency's actions.

## II. LEGAL STANDARDS

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The function of the trial court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).  "The moving party bears the initial burden to show the district court . . . that there is no genuine issue of material fact that should be decided at trial. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.*  Any inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).

"The focal point for judicial review of an administrative agency's action should be the administrative record."  *Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996).  "[E]ven in the context of summary judgment, an agency action is entitled to great deference."  *Id.*  "The role of the court is not to conduct its own investigation and substitute its own judgment for the administrative agency's decision."  *Id.*  Instead, the reviewing court must apply "the appropriate standard of review to the agency decision based on the record the agency presents to the reviewing court."  *Id.* (internal quotations omitted).

## III. ANALYSIS

Under the APA, a court must set aside an administrative agency's final decision where it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

5 U.S.C. § 706(2)(A); *Marsh v. Oregon Natural Res. Council,* 490 U.S. 360, 375-76 (1989). "This standard of review provides the reviewing court with very limited discretion to reverse an agency's decision. The reviewing court may not substitute its judgment for that of the agency but must, instead, defer to the agency's technical expertise." *City of Oxford, Ga. v. F.A.A.*, 428 F.3d 1346, 1352 (11th Cir. 2005) (internal citations omitted). In reaching a decision, an agency "must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.,* 463 U.S. 29, 43 (1983) (internal quotation marks omitted). Although a court may not "supply a reasoned basis for the agency's action that the agency itself has not given," it must "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Id*.

As set forth above, this Court's inquiry is limited to whether the BIA and the USCIS arbitrarily and capriciously denied Erycka Rivera's I-130 petition on the basis of prior marriage fraud.[4] Having conducted this limited inquiry, I find that the agency's decision to deny Erycka Rivera's Petition was not arbitrary and capricious. Review of the administrative record reveals that the agency's decision was based on substantial and probative evidence. The decisions articulate a satisfactory explanation for the denial, which shows a rational connection between the facts and the agency's findings.

The petitioner has the burden of proving the intended beneficiary is eligible for immigration benefits. 8 U.S.C. § 1361. A petitioner is ineligible for immigration benefits if he or she enters a marriage "for the primary purpose of circumventing the immigration laws,

---

[4] Because the BIA's decision affirming the USCIS's denial of Rivera's I-130 petition adopted the rationale set forth in the USCIS's decision, I will review both the BIA and the USCIS's decisions. *See Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001); *see also Koffi v. Holder*, No. 09-2102, 2011 WL 2896049, at *7 n.2 (D. Conn. Jul. 18, 2011) (citing *Emokah v. Mukasey*, 523 F.3d 110, 116 (2d Cir. 2008)).

referred to as a fraudulent or sham marriage." *Matter of Laureano*, 19 I. & N. Dec. 1, 2 (1983).  Further, an agency must deny a subsequent I-130 petition on behalf of an alien who previously attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.  *See* 8 U.S.C. § 1154(c); *Matter of Kahy,* 19 I. & N. Dec. 803, 805 n.2 (1988) ("Even if his current marriage is unquestionably bona fide, however, the visa petition cannot be approved if the beneficiary sought to be accorded nonquota status based on a prior fraudulent marriage.").   "[W]here there is reason to doubt the validity of the marital relationship, the petitioner must present evidence to show that the marriage was not entered into for the purpose of evading the immigration law." *Laureano*, 19 I. & N. at 3.

The USCIS "will deny a petition for immigrant visa classification filed on behalf of any alien for whom there is substantial and probative evidence of such an attempt or conspiracy, regardless of whether that alien received a benefit through the attempt or conspiracy." 8 C.F.R. § 204.2(a)(1)(ii).  "Although it is not necessary that the alien have been convicted of, or even prosecuted for, the attempt or conspiracy, the evidence of the attempt or conspiracy must be contained in the alien's file." *Id*.

When the USCIS uses a prior marriage fraud finding as the basis for denying a subsequent alien relative petition, it cannot rely solely on the prior finding but must conduct a *de novo* review of the evidence.  *Matter of Tawfik*, 20 I. & N. Dec. 166, 168 (1990) ("Ordinarily, the district director should not give conclusive effect to determinations made in a prior proceeding, but, rather, should reach his own independent conclusion based on the evidence before him.").

In determining whether a petitioner entered into a fraudulent marriage, "[t]he central question is whether the bride and groom intended to establish a life together at the time they

were married." *Laureano*, 19 I. & N. at 2-3. "The conduct of the parties after marriage is relevant to their intent at the time of marriage." *Id*. at 3. Relevant evidence that establishes intent includes: "proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts; and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences." *Id*.

The USCIS, in rendering its decision, did not simply rely on its prior finding of marriage fraud, but properly conducted a *de novo* review of the evidence. *See Tawfik*, 20 I. & N. Dec. at 168; *cf. Avitan v. Holder*, No. 10-03288, 2011 WL 499956, at *11 (N.D. Cal. Feb. 8, 2011). On appeal, the BIA also conducted a *de novo* review of the case. *See* 8 C.F.R. § 1003.1(d)(3)(iii). In its order affirming the USCIS's decision, the BIA made clear that it reviewed the record of the proceedings and the petitioner's contentions on appeal. *Cf. Koffi v. Holder*, No. 09-2102, 2011 WL 2896049, at **16-17 (D. Conn. Jul. 18, 2011).

In reaching is January 8, 2010 decision, the USCIS considered the entire record. The record included Giraldo's and Erycka Rivera's I-130 petitions, the prior NOIDS, evidence obtained in an interview with Plaintiff and Erycka Rivera on March 7, 2008, and Plaintiff and Erycka Rivera's response to the agency's November 18, 2009 NOID, in which they provided evidence to explain each discrepancy the agency identified in Plaintiff's and Giraldo's prior testimonies. As noted above, the USCIS found that Plaintiff and Giraldo provided inconsistent testimony on major issues related to their marriage, such as information about their first date and the wedding proposal, who took care of Giraldo's child, knowledge of routine work schedules, and facts concerning their moving in together. Upon consideration of

all of the evidence, the USCIS found that Plaintiff and Erycka Rivera failed to provide suitable justifications for most of these discrepancies.

The BIA, upon review of all of the materials and evidence on record, agreed with the USCIS's finding that Plaintiff entered into a prior marriage that was for the purpose of evading the immigration laws.  The agency's decision was based on substantial and probative evidence.  *Cf. Simms v. U.S. Attorney Gen.*, No. 08-13146, 2009 WL 179621, at *2 (11th Cir. Jan. 27, 2009); *Tandel v. Holder*, No. 09-01319, 2009 WL 2871126, at *5 (N.D. Cal. Sept. 1, 2009); *Matter of Romero*, 15 I. & N. Dec. 294, 295 (1975).  Further, the BIA and the USCIS adequately articulated the reasons for denying the petition.  Because the agency's decision was based on substantial and probative evidence, and was not arbitrary and capricious, and I will not disturb its denial of Erycka Rivera's I-130 petition.

Having found that the USCIS did not act arbitrarily or capriciously when it denied Erycka Rivera's I-130 petition on Plaintiff's behalf, and there being no claim or evidence that the USCIS did not properly or timely process the application, mandamus relief is inapplicable.[5]

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Defendants' Motion for Summary Judgment (ECF No. 22) is **GRANTED**.  The Clerk is directed to **CLOSE** this case.  All pending motions, if any, are **DENIED** as moot.

**DONE and ORDERED** in chambers, at Miami, Florida, this 14th day of November 2011.

---

[5] Moreover, because Plaintiff properly sought relief under the APA, mandamus relief is foreclosed. *See Serrano v. U.S. Attorney Gen.*, 655 F.3d 1260, 1260 (11th Cir. 2011) (because plaintiff had a remedy under the APA, the district court properly dismissed his request for mandamus relief).

_Marcia G. Cooke_

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*